UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 2 1 2012

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

| | | |
|---|---|---|
| WILLIAM F. DUFFY, *et al.* | * | |
| Plaintiffs | * | CIVIL ACTION - LAW |
| v. | * | No. 1:11-cv-01871 |
| THE LARGE ART COMPANY, *et al.* | * | (Judge Christopher C. Conner) |
| Defendants. | * | (Electronically filed) |

*   *   *   *   *   *   *   *   *   *   *   *   *

## PROTECTIVE ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas, this Court has found that the parties have designated or will designate certain discovery material in this matter as containing confidential or proprietary information that should be limited in its disclosure. Accordingly, it is this 21st day of February, 2012, hereby ORDERED:

1.   **SCOPE**

This Protective Order Regarding Confidentiality of Discovery Material ("Protective Order") shall apply as specified below to all information, documents and things subject to discovery or submitted to the Court in this action, which are owned, produced or controlled by a Party, including without limitation testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of

premises or things, affidavits, and answers to requests for admission. The terms

"Party" and "Parties" shall include all defendants, plaintiffs, counterclaim, third-

party claim and cross-claim defendants and plaintiffs in this case, all predecessors

or successors thereof, all past or present divisions, subsidiaries, parents, or

affiliates of any of the foregoing entities and all present directors, officers,

employees, agents and representatives of the foregoing entities.

2.   **DESIGNATION OF DISCOVERY MATERIALS AS
     CONFIDENTIAL**

(a)   The designation of information as confidential shall be made by

placing or affixing on the document or thing, in a manner which will not interfere

with its legibility, the word "**CONFIDENTIAL.**"   A producing Party may

designate material confidential only when that Party believes in good faith that the

material to be produced contains sensitive, confidential or proprietary personal,

business or commercial information, including without limitation customer

identity; customer lists; customer, vendor or artist contract terms; marketing and

business plans; financial information; profit, sales and loss data; personnel and

compensation information; research and development information; and trade

secrets that may not be described in accordance with these descriptive categories.

Except for documents and things produced for inspection at a Party's facilities, the

designation of confidentiality shall be made prior to, or contemporaneously with,

the production or disclosure of that information.   However, the Parties reserve the

2

right to designate materials as confidential after production or disclosure upon notice to the other Parties that materials previously produced should have been designated as confidential, and provided that the Party providing such notice produces replacement documents bearing the appropriate confidential designation within ten (10) business days following such notice. In the event that documents or things are produced for inspection at a Party's facilities, such documents or things may be produced for inspection before being designated and marked confidential. Once specific documents and things have been designated for copying or duplication, any documents or things containing confidential information shall be marked confidential after copying/duplication but before delivery to the Party who inspected and designated the documents and items for production. There will be no waiver of confidentiality by the inspection of documents and things before they are copied/duplicated and marked confidential pursuant to this procedure.

(b)    Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within ten (10) business days after receipt of the final (not draft) transcript by the designating Party. Any testimony describing or reading from a document previously designated confidential pursuant to this Protective Order shall be deemed confidential and the designating Party need not take separate or other action to designate the relevant

deposition transcript portion(s) confidential. The court reporter shall be instructed that, pursuant to this Protective Order, the confidential portions of the deposition and confidential deposition exhibits, if retained by the reporter, shall be retained under seal, and if filed in Court, shall be filed under seal with the instructions to the Clerk of the Court set forth in Section 4 hereof, and the reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any persons other than the Parties' counsel of record in this action.

(c)    Information or documents designated confidential under this Protective Order shall not be used or disclosed by the Parties, their counsel, any person subject to this Protective Order, or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), unless otherwise agreed upon in writing by the producing Party or upon further order of the Court. Use of confidential materials for purposes of this litigation includes use for all discovery, hearing, trial, and appellate purposes, including but not limited to, the use of such materials in the course of interviewing and consulting with possible witnesses, or individuals who may be able to identify possible witnesses.

(d)    The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated confidential under this

Protective Order to any other person or entity, except that disclosures may be made in the following circumstances: (i) Disclosure may be made to the Parties and counsel and employees/staff of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit, depositions and other discovery, hearings and appeals; (ii) Disclosure may be made only to those past or present employees or independent contractors of a Party required in good faith to provide assistance in the conduct of the litigation, provided that all such persons to whom disclosure is made under this paragraph not otherwise subject to this Order shall first have been given a copy of this Order and shall have signed the Written Assurance attached hereto as Exhibit A; (iii) Disclosure may be made to court reporters, stenographers, notaries, videographers, and interpreters engaged for depositions or other sworn testimony, as well as persons, if any, specifically engaged for the limited purpose of making photocopies, duplicates or digital/electronic copies of documents and things for purposes of the litigation; (iv) Disclosure may be made to witnesses or deponents and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action, provided that all depositions witnesses to whom disclosure is made under this paragraph not otherwise subject to this Order shall first have been given a copy of this Order and shall have signed the Written Assurance attached hereto as Exhibit A; (v) Disclosure may be made at trial in this action, provided that before disclosing Confidential Information, the counsel

5

making the disclosure has a good faith belief that the disclosure is relevant; and (vi) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed or engaged by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit, provided that all such consultants, investigators and experts to whom disclosure is made under this paragraph not otherwise subject to this Order shall first have been given a copy of this Order and shall have signed the Written Assurance attached hereto as Exhibit A. Any such person or entity identified in (i) through (vi) above to whom a disclosure is made shall be first provided with a copy of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

3.    **TREATMENT OF MATERIAL SUBJECT TO THIS ORDER**

(a)    Except as expressly provided herein, counsel for the Parties shall keep all confidential documents and things so designated pursuant to this Protective Order secure within their exclusive possession and shall take reasonable efforts to place and maintain such documents and things in a secure area.

(b)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents, things or information designated confidential under this Protective Order, including any portion thereof, shall be immediately affixed with the appropriate

"CONFIDENTIAL" designation appearing on the original if that designation does not already appear.

**4.      CONFIDENTIAL INFORMATION FILED WITH COURT**

To the extent any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof that discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "**DOCUMENTS PENDING SEALING DECISION PURSUANT TO ORDER OF COURT DATED** _____," together with a simultaneous motion pursuant to L.R. 5.8 and L.Cr.R. 49 (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.Cr.R. 49, except that, if the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (6) of this Protective Order.

5.   **PARTY SEEKING GREATER PROTECTION MUST OBTAIN FURTHER ORDER**

No document, thing, material or information may be withheld from discovery or redacted on the ground that disclosure or production requires protection greater than that afforded by this Protective Order unless the Party or non-Party desiring greater protection, prior to or contemporaneous with its objection to production, files a motion requesting an order providing such special protection pursuant to the Rules of Court and such order is entered; however, any Party or non-Party seeking such greater protection shall be entitled to withhold production pending the Court's ruling on the motion. Notwithstanding anything to the contrary set forth in this provision or Protective Order, a Party or non-Party may refuse to disclose or produce any document or tangible thing on the basis of attorney-client privilege, work-product doctrine, or other confidentiality privilege recognized by law subject to compliance with and challenge by a Party in accordance with law, rules of procedure or order of court applicable to any such claim of privilege or protection.

6.   **CHALLENGING DESIGNATION OF CONFIDENTIALITY**

A designation of confidentiality may be challenged upon motion. The burden of proving that the designation of confidential is warranted and proper remains with the Party asserting confidentiality. Where a confidential designation is challenged, the Parties shall honor the designation in accordance with the terms

of this Protective Order until and unless the Court orders that the confidential designation is removed.

7.   **NO ADMISSION**

Nothing in this Protective Order, nor the designation of any item as confidential hereunder, shall be construed as an admission, waiver or release by any Party with regard to any issue of fact or law, except as such admission may relate to the Parties' obligations under this Protective Order; and neither this Order nor any designation pursuant to it shall be admissible in any proceeding except to enforce the terms of this Protective Order.   Furthermore, compliance with this Protective Order shall not be construed as an admission by any of the Parties that any of the information designated confidential warrants such designation.

8.   **RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL AT CONCLUSION OF LITIGATION**

(a)   Within sixty (60) days following the conclusion of the litigation, including any and all appeals, all material designated confidential under this Protective Order in the possession of the Parties and/or their counsel shall be returned to the originating Party, or, upon agreement of the originating Party, the receiving Party shall certify in writing to the originating Party that all such materials have been destroyed by shredding or other agreed upon method.

(b)   The Clerk of the Court may destroy or return to counsel for the Parties any sealed material at the end of the litigation, including any and all appeals.   All

materials returned to the respective originating or filing Party shall be treated in accordance with Section 8(a) hereof.

(c)     Within sixty (60) days following the conclusion of the litigation, including any and all appeals, the Parties shall notify in writing their respective experts, as defined and identified in Section 2(d)(vi) above, that all confidential material must be returned to the engaging Party, or that Party's counsel, within thirty (30) days of such notice, following which such material shall be returned to the originating Party, or, upon agreement of the originating Party, destroyed by shredding or other agreed upon method within thirty (30) days following return of same by the expert(s) to the engaging Party/counsel.  In the case of destruction of confidential materials, the Party or counsel responsible for such destruction shall certify in writing to the originating Party that such destruction is complete.

**9.     INDEPENDENTLY OBTAINED MATERIAL**

Nothing herein shall impose any restrictions on the use or disclosure of its own information as it deems appropriate.

**10.    INADVERTENT PRODUCTION OR DISCLOSURE**

The inadvertent production or disclosure of any document or other material protected by the attorney-client privilege, work-product doctrine, or other confidentiality privilege recognized by law, shall not operate as a waiver of any such privilege if, after learning of the inadvertent production or disclosure, the

Party who made the inadvertent production or disclosure sends to each receiving Party a written request for return of the inadvertently-produced or disclosed document or other material. Within ten (10) days of receiving such a request, the receiving Party shall return to the producing Party, or confirm in writing the full and final destruction of, all such documents and other materials identified by the producing Party as subject to the attorney-client privilege, work-product doctrine, or other confidentiality privilege.

## 11.    AMENDMENT

Any paragraph, section, provision or procedure set forth in this Protective Order may be amended or modified only by the Court upon written consent of all Parties or upon motion by any Party upon notice to the all other Parties affected.

## 12.    ENFORCEMENT

The provisions of this Protective Order, as may be amended from time to time, may be enforced through the powers of this Court including, but not limited to, contempt or as contractual right through injunction, specific performance or other similar actions that may apply to compel performance in this action or in a separate action filed in this Court. A Party subject to this Consent Order hereby consents to the jurisdiction of this Court in connection with any action to enforce this Consent Order.

SO ORDERED.

_S/ Christopher C. Conner_
CHRISTOPHER C. CONNER
United States District Judge

Dated:  February 21, 2012

EXHIBIT A

## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM F. DUFFY, *et al.*          *

        Plaintiffs          *          CIVIL ACTION - LAW

        v.          *          No. 1:11-cv-01871

THE LARGE ART COMPANY, *et al.*\*          (Judge Christopher C. Conner)

        Defendants.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## WRITTEN ASSURANCE

The undersigned hereby certifies that he/she has read the Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Protective Order") in this action and agrees to be bound by it, including the limitations on the persons and entities to whom or which confidential materials may be disclosed and the manner in which such materials are to be treated; and that he/she voluntarily submits to the personal jurisdiction of the United States District Court for the Middle District of Pennsylvania for purposes of enforcement of the Protective Order or this document, including the imposition of any sanction for contempt thereof if deemed warranted in the discretion of the Court. After the final adjudication or settlement of all claims in this case, the undersigned further agrees

13

to promptly return all materials and information designated confidential that comes into his/her possession or custody to counsel for the Party that provided the undersigned such materials and information, and to delete from his/her computer any of the foregoing disclosed to him/her in electronic format.

SO CERTIFIED this \_\_\_\_ day of _____, _____.

_____
Signature

_____
Title

_____
Firm or Company

21355.001/99531

14